UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**TIMOTHY L. MULKEY III,**
Plaintiff,

v.

**DIEGO LEBAUDY, et al.,**
Defendants.

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
APR - 2 2026
AT____ O'CLOCK____
John M. Domurad, Clerk - Syracuse

---

Case No. 5:26-cv-00340-BKS-ML
Chief Judge Brenda K. Sannes
Magistrate Judge Miroslav Lovric

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)**

## I. INTRODUCTION

Plaintiff Timothy L. Mulkey III, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file a Second Amended Complaint. The purpose of this motion is to restore five defendants who were named in the original Complaint, properly served with process, and have been on actual notice of this action since service was completed — but who were inadvertently omitted from the First Amended Complaint filed at Dkt. No. 27. The five omitted defendants are: Stephen Byers, Sarah Wisdorf, Christopher Virgil-Stone, Tristen Robinson, and Peter Walton.

## II. BACKGROUND

1. On March 3, 2026, Plaintiff filed his original Complaint naming nineteen (19) defendants, including Stephen Byers, Sarah Wisdorf, Christopher Virgil-Stone, Tristen Robinson, and Peter Walton.

2. All five of the above-named defendants were properly served with the summons and original Complaint in accordance with Fed. R. Civ. P. Rule 4. Dkt. No. 38 confirms that Sarah Wisdorf and Stephen Byers were served on March 20, 2026. Affidavits of service confirming service on all five defendants are attached hereto as Exhibit A.

3. Plaintiff subsequently filed a First Amended Complaint at Dkt. No. 27. Due to inadvertent clerical error, all five above-named defendants were omitted from the First Amended Complaint. This omission was not intentional, strategic, or a voluntary dismissal of any claims against any of the five defendants.

4. As a result of the omission, the Court's docket at Dkt. No. 48 reflects the termination of Christopher Virgil-Stone, Stephen Byers, and Sarah Wisdorf as parties, and designates Tristen Robinson and Peter Walton as non-parties. Plaintiff now seeks to correct this inadvertent error by restoring all five defendants in a Second Amended Complaint.

## III. ROLES OF THE FIVE OMITTED DEFENDANTS

Each of the five omitted defendants played a direct, material, and documented role in the fraudulent conduct and coordinated obstruction underlying this action. Four of the five are connected through an undisclosed professional network — the Conboy McKay firm network — which constitutes an undisclosed conflict of interest under RPC 1.7 that none of the connected parties disclosed to Plaintiff.

5. Stephen Byers — Mr. Byers created the fraudulent proforma used to misrepresent the income potential and value of the subject property located at 138 & 146 W Main Street, Watertown, New York. This proforma was the primary instrument of fraud in the inducement, used to induce Plaintiff's $10,000 earnest money deposit on a property that was condemned, subject to concealed fire damage totaling $113,511.81 in required repairs, and encumbered by undisclosed government rehabilitation funds of approximately $230,000 from the Development Authority of the North Country (DANC). The creator of the instrument of fraud is a primary actor, not a peripheral witness.

6. Sarah Wisdorf — Ms. Wisdorf took affirmative action to narrow Plaintiff's Article 9 appeal before the New York Multiple Listing Service, thereby limiting the scope of Plaintiff's legitimate ethics remedies and interfering with a protected process. This constitutes an affirmative harmful act with documented legal consequence to Plaintiff's ability to seek redress through established ethics channels.

7. Christopher Virgil-Stone — Mr. Virgil-Stone is the owner and controlling principal of Defendant Pink Palace Properties LLC, the selling entity in the fraudulent transaction. Pink Palace Properties LLC remains a named defendant in Dkt. No. 27. Restoring Virgil-Stone is essential to pierce the LLC and reach the individual who directed and benefited from the fraudulent conduct. An LLC does not act without its principal.

8. Tristen Robinson — Mr. Robinson is the Managing Attorney of Defendant Lebaudy Law Office P.C., the same firm as primary Defendant Diego Lebaudy. Robinson is a former colleague of Peter Walton through the Conboy McKay firm network. This undisclosed professional connection between Robinson — inside the buyer's attorney firm — and

Walton — representing the seller — constitutes a per se conflict of interest under RPC 1.7 that was never disclosed to Plaintiff. Robinson's position as Managing Attorney makes him directly liable for the firm's conduct in this transaction.

9. Peter Walton — Mr. Walton served as attorney for the seller, Pink Palace Properties LLC, in the subject transaction. Walton is a former colleague of Tristen Robinson through the Conboy McKay firm network. Walton's undisclosed professional relationship with Robinson — the Managing Attorney of the opposing firm in the same transaction — constitutes a conflict of interest under RPC 1.7 that Walton had an affirmative duty to disclose and did not. Walton's representation of the seller while maintaining an undisclosed network connection to the buyer's attorney firm directly harmed Plaintiff's ability to receive arms-length, unconflicted legal representation in this transaction.

The Conboy McKay network conflict is not incidental — it is structural. Robinson and Walton were on opposite sides of the same transaction while sharing an undisclosed professional relationship. Neither disclosed this connection. Plaintiff had no knowledge of it. This undisclosed conflict infected the entire transaction and is central to Plaintiff's claims under 42 U.S.C. § 1983, NY Judiciary Law § 487, and RPC 8.4.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend a pleading 'when justice so requires.' The Second Circuit has consistently held that leave to amend should be granted absent a showing of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962); Ruotolo v. City of New

York, 514 F.3d 184, 191 (2d Cir. 2008). The Second Circuit has further held that outright refusal to grant leave without justification is an abuse of discretion. Foman, 371 U.S. at 182.

**V. ARGUMENT**

Leave to amend should be freely granted here. Every Foman factor weighs in Plaintiff's favor:

**A. No Undue Delay**

This motion is filed at the earliest practicable time following identification of the error. The case was filed March 3, 2026. No scheduling order has been entered. No discovery has commenced. No defendant has filed a responsive pleading. The Court's Order of March 30, 2026 (Dkt. No. 46) brought the docket status to Plaintiff's full attention. This motion follows promptly. There is no undue delay.

**B. No Bad Faith or Dilatory Motive**

The omission of all five defendants from Dkt. No. 27 was purely inadvertent. There is no conceivable strategic benefit to a pro se plaintiff in voluntarily dropping the creator of the instrument of fraud, the seller's attorney, the managing attorney of the opposing firm, the controlling principal of the selling entity, and the party who narrowed his ethics appeal — from his own lawsuit. This motion is brought in complete good faith to correct a clerical error, nothing more.

**C. Zero Prejudice to Any Omitted Defendant**

This is the dispositive factor. All five omitted defendants were properly served with the original summons and Complaint. Dkt. No. 38 confirms service on Wisdorf and Byers on March 20, 2026.

Each of the five defendants has been on actual, documented notice of this action since service was completed. They are not strangers to this lawsuit. They received legal process. They had full opportunity to retain counsel and prepare a defense. Restoring them to the Second Amended Complaint imposes zero new burden, zero surprise, and zero prejudice on any party. The only prejudice that exists in this motion is the prejudice to Plaintiff if leave is denied — the loss of claims against five central actors in a documented fraud scheme on account of a clerical omission by a pro se litigant.

**D. Amendment Is Not Futile**

The claims against each restored defendant are legally viable, factually documented, and supported by the existing record. Stephen Byers created the instrument of fraud. Sarah Wisdorf interfered with a protected ethics process. Christopher Virgil-Stone is the controlling principal of a named defendant LLC. Tristen Robinson is the Managing Attorney of the firm that converted Plaintiff's funds, with an undisclosed conflict. Peter Walton represented the seller while maintaining an undisclosed professional relationship with the buyer's attorney firm. None of these claims are speculative. All are grounded in documented conduct. Amendment is not futile — it is necessary.

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff Timothy L. Mulkey III respectfully requests that this Court grant leave to file the Second Amended Complaint, attached hereto as Exhibit B, restoring the following five defendants: Stephen Byers, Sarah Wisdorf, Christopher Virgil-Stone, Tristen Robinson, and Peter Walton. All five were served. All five have notice. Justice requires their restoration.

Respectfully submitted,

**Timothy L. Mulkey III**
Pro Se Plaintiff
PO Box 185
Hannibal, NY 13074
(315) 216-7832
info@reitf.com

Dated: April 2, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on April ___, 2026, I filed the foregoing Motion for Leave to File Second Amended Complaint with the Clerk of the United States District Court for the Northern District of New York, and served a copy upon all defendants or their counsel of record by first-class United States mail, postage prepaid.

**Timothy L. Mulkey III**
Pro Se Plaintiff